**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-cr-20590-BLOOM**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEAN BAPTISTE JOSEPH,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS INDICTMENT**

**THIS CAUSE** is before the Court upon Defendant Jean Baptiste Joseph's ("Joseph" or "Defendant") Motion to Dismiss Indictment for Lack of Jurisdiction, ECF No. [106] ("Motion"), filed on May 4, 2022. The Plaintiff United States of America ("Government") filed a Response, ECF No. [109],[1] to which Joseph has not filed a Reply. The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On October 15, 2015, Joseph was charged by superseding indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession with intent to distribute a detectable amount of ethylone and marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). ECF No. [33]. Following a two-day trial, the jury convicted Joseph on all counts in the superseding indictment. *See* ECF Nos. [57], [58], [62]. On January 19, 2016, the Court sentenced Joseph to a term of imprisonment of 660

---

[1] The Government filed another response, ECF No. [110], which the Court did not consider pursuant to the Government's subsequent Notice of Striking, *see* ECF No. [111].

months, followed by a life term of supervised release. *See* ECF No. [81].

Joseph filed a direct appeal of his conviction and sentence, *see* ECF No. [82]. The United States Court of Appeals for the Eleventh Circuit affirmed Joseph's conviction and sentence on June 30, 2017. *United States v. Joseph*, 700 F. App'x 918, 924 (11th Cir. 2017). Thereafter, Joseph filed a motion to vacate pursuant to 28 U.S.C. § 2255, asserting claims for ineffective assistance of trial and appellate counsel. *See* Case No. 18-cv-24020, ECF No. [1] ("Motion to Vacate").[2] After an evidentiary hearing, the Court denied Joseph's Motion to Vacate. *See* Cv. ECF Nos. [36], [44]. The Court also denied Joseph's request for a certificate of appealability. Cv. ECF No. [46]. Joseph sought a certificate of appealability from the Eleventh Circuit, which the Eleventh Circuit denied. Cv. ECF No. [62].

In the Motion, Joseph argues that the Court should dismiss Counts 2 and 3 of the superseding indictment for lack of subject matter jurisdiction or good cause, based on the Eleventh Circuit's decision in *United States v. Phifer*, 909 F.3d 372 (11th Cir. 2018). However, the Motion must be denied, as the Court lacks jurisdiction to address it.

In general, a motion alleging a defect in an indictment must be filed prior to trial, "but at any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). In this case, Joseph filed his Motion almost five years after the Eleventh Circuit affirmed his conviction. As such, his case is not "pending" within the meaning of Rule 12(b)(3)(B), and the Court lacks jurisdiction to entertain the relief he requests. *United States v. Felder*, 220 F. App'x 951, 952 (11th Cir. 2007); *see also United States v. Clarke*, 150 F. App'x 969, 970 (11th Cir. 2005).[3]

---

[2] The Court refers to docket entries in Joseph's § 2255 case as "Cv. ECF No. [x]."

[3] The Motion also relies on Rule 12(b)(2) of the Federal Rules of Criminal Procedure, which similarly states that "[a] motion that the court lacks jurisdiction may be made at any time while the case is *pending*." (emphasis added).

2

To the extent that the Court may construe the Motion as a second motion under § 2255, the Court also lacks jurisdiction to address it. "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion[.]" Rules Governing § 2255 Proceedings, Rule 9.[4] As authorization has not been granted, this Court lacks jurisdiction to entertain the Motion as another § 2255 motion, absent permission from the Eleventh Circuit Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Joseph has not alleged, let alone demonstrated, that he has received authorization from the Eleventh Circuit to file a successive § 2255 motion. As such, the Court lacks jurisdiction to consider the Motion as a second or successive § 2255 motion. Further, because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the Court may] not issue a [certificate of appealability]" with respect to any of Joseph's claims. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [106]**, is **DENIED**, and no certificate of appealability shall issue. This case shall remain closed.

---

[4] Section 2255(h) states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Case No. 15-cr-20590-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Jean Baptiste Joseph
150132284
Coleman I-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1033
Coleman, Florida 33521

4